GRIFFIN, Judge.
Charles Edward Day appeals the summary denial of his motion for post-convietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
After jury trial, Day was found guilty in circuit court case number 88-9855 of carrying a concealed firearm and possession of a firearm by a convicted felon. The state gave Day written notice of the state’s intent to seek habitual offender status. At the scheduled sentencing in the above case, the prisoner asked to withdraw his plea of not guilty and plead guilty to delivery of cocaine in two other cases pending in circuit court (cases numbered 89-3382 and 89-3383). Day was then sentenced as a habitual offender to four concurrent thirty year prison terms. On appeal, this court corrected Day’s sentence on the concealed firearm count but affirmed in all other respects. Day v. State, 560 So.2d 428 (Fla. 5th DCA 1990).
In 1992, Day filed his 3.850 motion, raising four grounds for relief. In grounds I and IV, Day contended that his sentences in Cases Numbered 89-3382 and 89-3383 were illegal or his plea involuntary because the state failed to give him or his counsel written notice before sentencing that the state would seek enhanced sentences under *28 the habitual offender statute in those cases.[1]
The lower court summarily denied the 3.850 motion in a three page opinion. With respect to grounds I and IV, the court referenced the sentencing transcript, which showed that the state had properly filed its notice to seek an enhanced sentence in Case No. 88-9855. Upon Day’s tender of a guilty plea in the additional two cases, neither counsel nor Day objected to the lack of written notice. At the sentencing, defense counsel expressed awareness that the state would seek an enhanced sentence as to the other two cases as well. The court thereupon accepted the pleas, qualified the prisoner as a habitual offender and pronounced habitual offender sentences on all counts.
We agree with the lower court that, under these facts, the sentencing of the defendant as a habitual offender without written notice in cases 89-3382 and 89-3383 did not make the sentences illegal. Massey v. State, 589 So.2d 336 (Fla. 5th DCA 1991), jurisdiction accepted, 598 So.2d 77 (Fla.1992).
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. This issue had not been raised on appeal.